IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY TRAYLOR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-0576-S-BH |
| | § | |
| SHANNON SPIVEY and ERIC CONDE, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant's Motion for Summary Judgment Based Upon Qualified Immunity*, filed June 28, 2019 (doc. 18). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

Roy Traylor (Plaintiff) sues Shannon Spivey (Defendant), who is employed by the City of Dallas (City) in its Department of Code Compliance, under 42 U.S.C. § 1983 for allegedly entering his real property and stealing his personal property. (doc. 7 at 1.)[2]

While on duty as a Code Compliance Inspector on January 12, 2017, Spivey was conducting a sweep in the south central area of Dallas when she came upon a vacant lot located at 4525 Cranfill Drive (the Lot) surrounded by a chain-link fence. (doc. 20 at 7-8.) She observed litter and other debris on the property, which she found to be a violation of the City's Litter Ordinance. (*Id.* at 8.)[3]

---

[1] By *Special Order No. 3-251*, this case was referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Chapter 7A of the Dallas City Code (Litter Ordinance) states:

> An owner, occupant, or person in control of private premises commits an offense if he places, deposits, or throws; permits to accumulate; or permits or causes to be placed, deposited, or thrown, any litter on the premises or in or on any gutter or parkway adjacent to the premises or on one-half

On January 12, 2017, she mailed a notice of the violation to Maria Schneider, who was the registered owner of the Lot according to the deed records of Dallas County. (*Id.*) The notice stated that the debris and litter on the Lot violated the Litter Ordinance and had to be cleared within ten days, or the City could "correct[] the violation at the owner's expense, and issu[e] [ ] a citation for each day a violation is committed." (*Id.*)

Spivey re-inspected the Lot on February 22 and March 7, 2017, but observed no progress in the removal of the litter and debris from the property. (*Id.*) On March 7, 2017, she issued a civil citation to Ms. Schneider and contemporaneously obtained a search warrant to enter the Lot and remove any ordinance violation. (*Id.* at 8, 10.) On March 8, 2017, Spivey, a police officer, and "a team from the Nuisance Abatement division," went to the Lot to enforce the search warrant. (*Id.* at 8.) When they cut the lock on the chain-link fence, Plaintiff arrived and "began yelling that he owned the [Lot] and that the items [ ] belonged to him." (*Id.*) Spivey asked Plaintiff to provide evidence showing that he owned the Lot and items, but he "failed to produce any documents evidencing his ownership of, or interest in, the [Lot], or paperwork showing his entitlement to the litter and debris on the property." (*Id.*) She then instructed her team to remove the litter and debris from the Lot. (*Id.*)

On May 18, 2017, Ms. Schneider executed a Quitclaim Deed and transferred her interest in the Lot to Plaintiff. (*Id.* at 12-16.) On June 29, 2017, Plaintiff submitted a Notice of Claim Against the City of Dallas (Personal Injury - Property), requesting $16,843.50 for the property that was removed from the Lot on March 8, 2017. (doc. 7 at 5.) The City denied the claim on August 10,

---

of that portion of an alley adjacent to the premises, unless the litter has been deposited in an authorized private receptacle for collection.

(*Id.* at 8, 23.)

2017. (*Id.* at 4.)

Plaintiff filed his original complaint on March 3, 2017, and a sworn amended complaint on April 1, 2019.  (*See* docs. 3, 7.)[4]  His amended complaint alleges that Defendant was acting under color of legal authority when she entered the Lot and stole his "tools, including his lawn mower, wheel chair, calf feeder, various materials for repair to his home, and other salvage material." (doc. 7 at 2.)  She allegedly "never gave or posted any warning to [him] that his possessions and storage of the property was in any way a violation of the City's codes," even though "[s]uch notices are the first step the City takes before any other enforcement action." (*Id.*)  Plaintiff claims that Defendant acted against him because "he is a minority and because [she] thought that he had engaged in an assault on police officers." (*Id.*)  According to him, he has been "damaged emotionally by this illegal and deliberate violation of his home and rights," and he seeks $100,000 in damages. (*See id.* at 2.)

On June 28, 2019, Defendant moved for summary judgment on grounds that she is protected from suit by qualified immunity.  (*See* docs. 18-20.)  Plaintiff did not respond.

## II. SUMMARY JUDGMENT STANDARD FOR QUALIFIED IMMUNITY CASES

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[4]The original complaint also named Edward Lee and Kenneth Ates as defendants, but Plaintiff abandoned his claims against them in the amended complaint. The remaining defendant, Eric Conde, was never served.  (*See* docs. 3, 7, 13.)

Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In the context of § 1983 litigation, however, governmental employees asserting the defense of qualified immunity in a motion for summary judgment need only assert the defense in good faith. *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). They have no burden to put forth evidence. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633-34 (5th Cir. 2000).

The burden then shifts to the non-movant to show that the defense does not apply. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). The non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324; *see also RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Although courts view the evidence in a light most favorable to the non-movant, *Anderson*, 477 U.S. at 255, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.[5]

---

[5] Although courts generally liberally construe the pleadings of a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Where, as here, the nonmovant fails to respond to the motion for summary judgment, this failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). If the nonmovant filed a sworn complaint, however, the sworn complaint may serve as competent summary judgment evidence "to the extent that it comports with the requirements of Fed. R. Civ. P. 56(e)." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam); *accord Barnes v. Johnson*, 204 F. App'x 377, 378 (5th Cir. 2006). In addition, when the nonmovant fails to respond, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

Even though Defendant has no burden to provide evidence, she has submitted an affidavit, the search warrant, the Quitclaim Deed, and excerpts from the Litter Ordinance. (*See* doc. 20.) She has carried her summary judgment burden by asserting the qualified immunity defense. *See Gates*, 537 F.3d at 419. The burden is now on Plaintiff to produce evidence showing she is not entitled to qualified immunity.

### III.  QUALIFIED IMMUNITY

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff

5

must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A governmental employee who is sued under § 1983 may assert the affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved as early as possible in the litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-prong inquiry. Under the first prong, courts consider whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009). Under the second prong, courts determine whether the violated constitutional right was clearly established within the specific context of the case. *Id.* at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. It is within the discretion of the court to decide which of the two prongs to address first in light of the circumstances particular to

each case. *Pearson*, 555 U.S. at 236; *Lytle v. Bexar Cty.*, 560 F.3d 404, 409 (5th Cir. 2009). If the court answers both the constitutional violation and clearly established questions in the affirmative, the officer is not entitled to qualified immunity. *Lytle*, 560 F.3d at 410.

Here, Defendant has carried her summary judgment burden by asserting the qualified immunity defense. *See Gates*, 537 F.3d at 419. The burden now shifts to Plaintiff to produce evidence showing that Defendant violated his constitutional rights, and that the violation was objectively unreasonable under clearly established law at the time of the violation. *See Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407-08 (5th Cir. 2007).

A.     **Constitutional Violation**

Although Plaintiff's sworn amended complaint does not specifically assert what constitutional rights Defendant allegedly violated, it alleges that she failed to provide him notice of a code violation before intentionally stealing his property. (*See* doc. 7.) These allegations implicate his due process rights under the Fourteenth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 530-31 (1984) (considering the prison officer's intentional destruction of the prisoner's property as a procedural due process claim pursuant to the Due Process Clause of the Fourteenth Amendment); *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (observing that "[h]istorically, . . . [the due process guarantee] has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property" (emphasis original)).

The Fourteenth Amendment prohibits the States from depriving any person of property without "due process of law." *Dusenberry v. United States*, 534 U.S. 161, 167 (2002). The Due Process Clause requires, at a minimum, notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

7

opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). "Due process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citing *Dusenberry*, 534 U.S. at 170). "Under most circumstances, notice sent by ordinary mail is sufficient to discharge the government's due process obligations." *Armendariz-Mata v. U.S. Dept. of Justice, Drug Enforcement Admin.*, 82 F.3d 679, 683 (5th Cir. 1996).

Here, even though Defendant has asserted qualified immunity and thereby met her initial burden, she also provide a sworn affidavit that explains how she observed the litter ordinance violation and sent the notice of violation. (*See* doc. 20 at 7-9.) It states that she searched the Dallas County property records, which listed Ms. Schneider as the owner of the Lot. (*Id.* at 8.) She then "mailed a notice of litter violation to Ms. Schneider on January 12, 2017." (*Id.*) The notice of violation instructed the owner to remove the litter and debris from the Lot within ten days, or the City would correct the ordinance violation at the owner's expense. (*Id.*) Defendant re-inspected the Lot in February and March of 2017, but the litter and debris remained on the property. (*Id.*) After she obtained a search warrant, she and her team entered the Lot and began removing debris and litter. (*Id.*) Plaintiff confronted her, claiming that he owned the Lot and the items they were removing, but he was unable to produce any documents evidencing his ownership of the Lot or the litter and debris. (*Id.*) Defendant also submitted a Quitclaim Deed, the search warrant, inventory record of items removed from the Lot, and excerpts from the Litter Ordinance. (*Id.* at 10-24.) She has identified evidence in the record demonstrating that she gave notice in a method reasonably calculated to apprise interested parties of the violation and an opportunity to correct it. *See Mullane*, 399 U.S. at 315.

8

Although Plaintiff did not respond to Defendant's summary judgment motion, his sworn amended complaint may serve as competent summary judgment evidence "to the extent that it comports with the requirements of Fed. R. Civ. P. 56(e)." *King*, 31 F.3d at 346 (citation omitted). As noted, the responding party on summary judgment must "identify *specific evidence* in the record" supporting challenged claims and "articulate the *precise manner* in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (emphasis added) (citing *Forsyth*, 19 F.3d at 1537). Because Plaintiff has neither identified specific evidence in the record nor articulated the precise manner in which it supports his claims, he has not brought forward sufficient evidence to support a resolution in his favor on whether Defendant violated his constitutional rights. *See Castillo v. Bowles*, 687 F. Supp. 277, 280 (N.D. Tex. 1988) ("[T]he requirement that the party with the burden of proof set forth specific facts supporting his claim in response to a motion for summary judgment is not abandoned in *pro se* prisoner cases."); *see also Williams v. Valenti*, 432 F. App'x 298, 303 (5th Cir. 2011) (per curiam) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.") (citation omitted).

Even considering Plaintiff's sworn allegations, he still fails to meet his burden of showing that Defendant violated his due process rights. Plaintiff contends that he never received a notice of a litter ordinance violation and states his personal belief that Defendant's "actions against [him] were not ordinary code enforcement, but were in fact personal attacks against his rights." (*See* doc. 7 at 2.) As noted, due process does not guarantee the right to actual notice. *See Jones*, 537 U.S. at 244. Further, the sworn amended complaint does not contradict Defendant's declaration that she sent the notice of violation to Ms. Schneider, the registered owner of the Lot at the time, or the

9

Quitclaim Deed showing Ms. Schneider as the owner. (doc. 20 at 7-9,12-16.) Plaintiff has failed to produce or identify evidence creating a genuine issue of material fact regarding whether the notice of violation was constitutionally inadequate. Accordingly, Plaintiff has not met his summary judgment burden to identify a genuine issue of material fact as to whether his Fourteenth Amendment rights were violated. *See Turner*, 476 F.3d at 343. Defendant is therefore entitled to qualified immunity on the due process claim.

B. **Objective Unreasonableness**

Even assuming for purposes of this motion only that Plaintiff had identified a genuine issue of material fact concerning whether Defendant violated his due process rights, he must show that her actions were objectively unreasonable. *See Pearson*, 555 U.S. at 236.

To show the inapplicability of the asserted qualified immunity defense, Plaintiff must also present evidence to show that the violation of his constitutional rights was objectively unreasonable given the clearly established law at the time of the alleged constitutional violation. *See Zarnow*, 500 F.3d at 407-08. "The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 457 (5th Cir. 2001) (emphasis original). For purposes of qualified immunity, "clearly established" means that the "contours of the right" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Being clearly established in an abstract sense generally gives insufficient notice; in most cases, the law should be clear in a more particularized sense related to the specific context in which the officer is acting. *Brosseau v. Haugen*, 543 U.S. 194, 198-99

(2004); *see also Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (recognizing that when the constitutional violation is obvious, a materially similar case is unnecessary to find the law clearly established). Because the primary concern is fair notice to the government employee, the law can be clearly established in some cases "despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights." *Hope*, 536 U.S. at 740 (citation omitted).

The burden is on Plaintiff to show that Defendant violated a clearly established right. *See Glenn*, 242 F.3d at 312. He fails to produce or identify any evidence to show that Defendant's actions were unreasonable or violated a clearly established right, only asserting in a conclusory manner that she stole his property without notice. *See Turner*, 476 F.3d at 343 ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."). Plaintiff does not contradict Defendant's declaration that she sent the notice of violation to the registered owner of the Lot, and that she did not personally know that Plaintiff had any interest in the Lot or the items at that time. (doc. 20 at 8-9.) He has not shown that an inspector standing in Defendant's shoes could have believed that his or her actions violated clearly established law of which a reasonable inspector would have known. *See Thompson*, 245 F.3d at 457; *see also Borninski v. Williamson*, No. 3:02-CV-1014-L, 2005 WL 7984287 at *12 (N.D. Tex. May 17, 2005) (citing *Malley*, 475 U.S. at 341) (noting that a plaintiff has to establish that "*no* reasonably competent police officer could have believed that the actions taken by [the defendants] were reasonable" to overcome a qualified immunity defense) (emphasis original). A reasonably competent inspector could have believed, in light of existing law and the information known to Defendant, that removing debris and litter from a vacant lot after sending a notice of violation to the

registered owner of that lot was not objectively unreasonable. *See Thompson*, 245 F.3d at 457*; see, e.g., United States v. 2011 Jeep Grand Cherokee, VIN: 1J4RR5GT9BC582749*, No. DR-12-CV-18-AM-CW, 2013 WL 12106221, at *8 (W.D. Tex. Oct. 9, 2013), *adopted by* 2014 WL 12537171 (W.D. Tex. Mar. 31, 2014) (finding notice sent via regular mail to the registered owner of a vehicle was a reasonably calculated method of notice satisfying due process). Defendant is entitled to qualified immunity, and summary judgment should be granted in her favor.[6]

## IV. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**, and his claims against her should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 17th day of February 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant contends that to the extent that Plaintiff's allegation that the actions against him were taken because he is a minority is intended to assert an equal protection claim, it fails as a matter of law because he fails to allege facts showing that he is a member of a protected class or that she acted with discrimination intent or purpose or treated him differently from other similarly situated persons. (doc. 19 at 2 n.3 (citing *Callis v. Sellars*, 931 F Supp. 504, 519 (S.D. Tex. 1996).) Because Plaintiff has not met his summary judgment burden as to any equal protection claim, Defendant is also entitled summary judgment on this claim, to the extent one is asserted.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE