IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY TRAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:19-CV-0576-S-BH |
| | § | |
| SHANNON SPIVEY and ERIC CONDE, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the claims against defendant Eric Conde should be **DISMISSED** for failure to serve the defendant within 90 days, and final judgment should be entered.

### I. BACKGROUND

On March 7, 2019, the *pro se* plaintiff filed this civil rights action under 42 U.S.C. § 1983 and sought leave to proceed *in forma pauperis* (IFP), which was granted on March 13, 2019. (*See* docs. 3, 5, 6.) On April 1, 2019, he filed his amended complaint alleging that the defendants, who were municipal code compliance officers, had violated his rights by entering his property to enforce a search warrant and removing items they deemed to be litter and debris on March 8, 2017. (*See* doc. 7.) By order dated April 3, 2019, the Court ordered service of process by the United States Marshal (USM):

> Within thirty days of the date of this order, the USM shall serve each defendant in accordance with the Fed. R. Civ. P. 4 and file proof of service as provided by Fed. R. Civ. P. 4(l). The USM must use **due diligence** in serving defendants on behalf of an *in forma pauperis* plaintiff. If the USM is unable to serve a particular defendant, the return of service for that defendant shall set forth the specific efforts taken to serve the defendant, including any searches for a different address for that defendant.

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

> Although the Court has directed the USM to serve the defendants, it is ultimately the plaintiff's responsibility to see that the defendant is timely served in accordance with Fed. R. Civ. P. 4(m). **Rule 4(m) provides that a failure to timely serve a defendant may result in the dismissal of the action without any prejudice against that defendant.** A return of service which indicates that a defendant was not served is notice of a defect in service. Once plaintiff receives notice of a service defect, plaintiff must try to remedy the defect.

(*See* doc. 10.) On May 8, 2019, the summons was returned executed as to defendant Shannon Spivey (Spivey) but unexecuted as to defendant Eric Conde (Defendant) because he was no longer employed by the municipality. (*See* docs. 13, 14.)

By order dated February 18, 2020, the plaintiff was ordered to file a valid return of service, provide an address for service on Defendant, or show cause in writing as to why service could not be made on him, no later than March 2, 2020. (*See* doc. 22.) The order explained that because more than 90 days had passed since the plaintiff filed suit, but Defendant had not been timely served, the action against him was subject to dismissal under Fed. R. Civ. P. 4(m). (*Id.*) The order expressly stated that if the plaintiff failed to comply, dismissal of the case against Defendant would be recommended without further notice. (*Id.*)

On March 3, 2020, the plaintiff filed a "Motion to refile on [D]efendant when found," seeking "to continue on the remaining defendant." (*See* doc. 27.) Three days later, he filed a "Joint Motion to Vacate the Judgement and to Dismiss this Action Without Prejudice," which was liberally construed in relevant part as a motion to voluntarily dismiss the case against both defendants under Fed. R. Civ. P. 41(a). (*See* docs. 29, 30.) The action was terminated based on the notice, and the motion to refile against Defendant was deemed moot, on March 9, 2020. (*See* docs. 30, 32.) On March 23, 2020, the plaintiff filed a notice stating that he had used incorrect terminology, and that he did not seek to dismiss the action. (*See* doc. 33.) By order dated March 24, 2020, the action was reinstated. (*See* doc. 34.)

On March 26, 2020, the plaintiff's claims against Spivey were dismissed on the merits with prejudice based on the doctrine of qualified immunity. (*See* docs. 21, 35.) Prior to that, on March 2, 2020, Spivey had voluntarily dismissed her counterclaim against the plaintiff for attorney's fees under Fed. R. Civ. P. 41(a)(1)(A)(i) based on the plaintiff's failure to file an answer to the counterclaim or a motion for summary judgment. (*See* doc. 24.) Only the claims against Defendant remain pending. As of this date, the plaintiff has still not filed an executed return of service or provided an address to the USM for service of process on Defendant, and he has not shown cause in writing for his failure to do so.

## II.  ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure grants the courts discretion to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff, for failure to serve the defendant with process within 90 days of the filing of the complaint. It also requires courts to "extend the time for service for an appropriate period" upon a showing of good cause by the plaintiff, however. *See also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (burden of showing good cause for such extension is on plaintiff). "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir.1996). At a minimum, "the plaintiff must demonstrate ... as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir.1993)). Nevertheless, even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). Exercise of this discretionary power

"may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

When, as in this case, a plaintiff proceeds IFP, good cause essentially boils down to whether a failure to properly serve the defendants is attributable to dilatoriness or fault of the plaintiff, or whether fault lies elsewhere. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987). "Special rules govern the procedure for service of process in [IFP] cases." *Lindsey*, 101 F.3d at 446. After an IFP plaintiff takes "reasonable steps to identify the defendant(s)," the court issues process and directs the USM to serve the defendants. *Id.* The USM must use due diligence in serving defendants on behalf of an IFP plaintiff, and if a provided business address is insufficient for service, due diligence requires the USM to search for "personal addresses for the defendants and serve the individuals at those addresses." *Ellibee v. Leonard*, 226 F. App'x 351, 359 (5th Cir.2007) (per curiam). IFP plaintiffs are "entitled to rely upon service by the [USM] and should not be penalized for failure of the [USM] to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987). When the USM "fails to serve a properly addressed summons to a defendant," good cause generally exists for extending the time for service. *See Cornish v. Tex. Bd. of Crim. Justice Office of the Inspector Gen.*, 141 F. App'x 298, 301 (5th Cir.2005); *cf. Lindsey*, 101 F.3d at 447 (good cause may exist when the "failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties").

While reasonable reliance on the USM is warranted, "a plaintiff may not remain silent and do nothing to effectuate service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff

has knowledge." *Rochon*, 828 F.2d at 1110; *accord Ellibee*, 226 F. App'x at 358 (once an IFP plaintiff "is aware of possible defects in service of process, he must attempt to remedy them"). For example, good cause is not shown when the plaintiff does nothing after the court has placed the plaintiff on notice that one defendant had not been served. *See Lindsey*, 101 F.3d at 446-47. When an IFP plaintiff does nothing for a few months after learning that a defendant had not been served, a court may properly find the plaintiff dilatory and at fault for insufficient service. *Rochon*, 828 F.2d at 1110.

Here, far more than 90 days have passed since the plaintiff filed this action, and Defendant has still not been served. Although the USM was directed to serve Defendants, it was ultimately the plaintiff's duty to ensure that he was timely served in accordance with Fed. R. Civ. P. 4(m). By order dated April 3, 2019, the Court expressly informed the plaintiff that a return of service indicating that a defendant had not been served was notice of a defect in service, and that he must try to remedy the defect after receiving such notice. The summons for Defendant was subsequently returned unexecuted, putting the plaintiff on notice of a defect in service, but the docket reflects no attempt by him to remedy that defect.

By order dated February 18, 2020, the plaintiff was ordered to file a valid return of service, provide an address for Defendant, or show cause in writing as to why service could not be made on him no later than March 2, 2020. The order warned that the case could be dismissed for lack of timely service, but the plaintiff has made no attempt to show good cause for his failure to accomplish service.  Nor has he provided an address for Defendant, despite the fact that over six months have passed since the March 2, 2020 deadline.  There is no indication from the record that the defendant is evading service or concealing a defect in attempted service, or any

5

other basis which could warrant the exercise of its discretionary power. Accordingly, no further extension of time is required.

### III.  CONCLUSION

The plaintiff's claims against Eric Conde should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) and final judgment should be entered, unless the plaintiff files valid proof of service or provides an address for him within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED**, this 24th day of November, 2020.

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before a magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE